## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID C. LETTIERI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-12400-JEK |
| ) | |
| DISCIPLINE HEARING OFFICER, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION

**KOBICK, J.**

Plaintiff David Lettieri, proceeding *pro se*, filed a complaint on August 29, 2025 against certain correction officers and administrators at FMC Devens, where he is serving his sentence. ECF 1. He also moved for leave to proceed *in forma pauperis* that same day. ECF 2. On November 20, 2025, Magistrate Judge Levenson denied the motion without prejudice and directed Lettieri to either pay the $405 filing fee or show good cause why he should not be required to do so by December 18, 2025. ECF 7. He reasoned that under the so-called three-strikes provision of the Prison Litigation Reform Act of 1995, Lettieri could not proceed *in forma pauperis* because he had "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" and had not demonstrated that he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see* ECF 7, at 2-3. On December 10, 2025, Judge Levenson likewise denied Lettieri's second motion for leave to proceed *in forma pauperis*, which he treated as a motion for reconsideration. ECF 9 (motion); ECF 11 (order).

On December 22, 2025, Judge Levenson issued a Report and Recommendation recommending that this action be dismissed for failure to comply with the November 2025 order, which required that Lettieri either pay the filing fee or demonstrate good cause for not doing so. ECF 13. Lettieri filed an objection to this Report and Recommendation on January 5, 2026 asserting that the "imminent danger" exception to the three-strikes rule applies. ECF 16. As Lettieri concedes, the three-strikes rule is applicable here because he has, while a prisoner, filed more than three non-habeas actions that federal district courts, including this Court, have dismissed for failure to state a claim upon which relief may be granted. ECF 7, at 2-3 (collecting cases and applying three-strikes rule); *see Lettieri v. Santander Bank N.A.*, No. 24-1781, 2025 WL 2823585, at *1 (1st Cir. June 18, 2025) (affirming Lettieri's "'three-strikes' status"). As a result, he cannot proceed with this case without prepaying the filing fee unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Even construing his complaint and objection liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), Lettieri "has not met the imminent danger exception of § 1915(g)," *Reis v. Spectrum Health Sys., Inc.*, No. 13-1482, 2013 WL 12569246, at *1 (1st Cir. July 17, 2013). Lettieri alleges in the complaint that certain defendants "threatened" to transfer him to another facility where he could "be stabbed" and could not "yell," while others "threaten[ed] to punch" him. ECF 1, ¶¶ 7, 10-11. These alleged threats are "'speculative and not imminent.'" *Lettieri v. Fed. Med. Ctr. Devens Mailroom*, No. 25-cv-11174-AK, 2025 WL 2534266, at *2 (D. Mass. Sept. 3, 2025) (citation omitted). Lettieri separately argues in his objection that the standard imposed by Judge Levenson for satisfying the imminent danger exception is too high and inconsistent with *Jackson v. Bolton*, No. 23-1701, 2024 WL 314530 (6th Cir. Jan. 24, 2024). In that case, the Sixth Circuit allowed a prisoner to proceed *in forma pauperis* where he alleged in his complaint that

certain identified inmates had "threatened to kill him if he pursued his lawsuits against them" and that he had found a "razor blade in his biscuit" soon after those threats. *Jackson*, 2024 WL 314530, at *1-2. Lettieri's factual allegations here lack the immediacy and specificity of the threats alleged in *Jackson*. *See Lettieri v. Wiggins*, No. 25-cv-13250-IT, 2025 WL 3677120, at *2 (D. Mass. Dec. 18, 2025) (rejecting Lettieri's comparison to *Jackson*). In concluding that Lettieri failed to meet the imminent danger exception "vis-à-vis his claims in the complaint," Judge Levenson also properly looked to Lettieri's complaint rather than the statements in his September 22, 2025 supplemental filing. ECF 7, at 3; *see id.* at 1-2; ECF 6, at 2; *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain [*in forma pauperis*] status and the legal claims asserted in his complaint").

Having reviewed the Report and Recommendation and Lettieri's objection, I agree with Judge Levenson's determination. Lettieri is subject to the three-strikes provision and has not shown that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Nor has Lettieri paid the filing fee. Accordingly, this action is dismissed without prejudice for failure to pay the filing fee. *See Lettieri v. Fed. Med. Ctr. Devens*, No. 25-cv-11372 JEK, 2025 WL 3442631, at *2 (D. Mass. Dec. 1, 2025).

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
Dated: January 13, 2026                          UNITED STATES DISTRICT JUDGE

3